UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20800-CR-KING

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DERRICK HARRELL,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about December 28, 2011, court-appointed defense counsel William Barzee ("Counsel") submitted a voucher application numbered FLS 10 4716 with appended time sheets requesting $21,523.05 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted a letter dated December 28, 2011 in support of his voucher application.

Counsel represented Defendant Derrick Harrell ("Defendant") for thirteen months from his appointment on April 6, 2011 until October 31, 2011 and seeks compensation for this time in the voucher application. Counsel seeks $21,523.05 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge James Lawrence King entered an Order of Reference **[DE # 199]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for two reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case originally commenced by way of a criminal Complaint **[DE # 1]**. Thereafter, the grand jury returned an Indictment **[DE # 42]** against Defendant in November 2010.

In July 2011, the grand jury returned a Superseding Indictment **[DE # 127]** charging Defendant and one codefendant with several violent crimes. In Count I, Defendant was charged with conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). In Counts VII and VIII, Defendant was charged with Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and 2. In Counts VII and IX, Defendant was charged with possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2.

Defendant faced a separate maximum term of twenty years imprisonment for each of the following Counts: I, VI, and VIII. Defendant faced a term of life imprisonment on each of the two firearm possession charges.

On the day of trial, Defendant entered a plea of guilty to Counts I, VI, VII and VIII of the Superseding Indictment **[See DE # 173]**. He was sentenced to a term of twenty years imprisonment as to Counts I, VI and VIII, with the sentences to run concurrently. **[See DE**

**# 183]**. He was also sentenced to a term of five years imprisonment as to Count VII. **[See DE # 183]**. This sentence was to run consecutive to Counts I, VI and VIII. **[See DE # 183]**.

Second, there was a tremendous amount of discovery in this case. "Discovery was voluminous and required numerous amounts of hours to review and organize all the material provided by the Government. There were hundreds of documents and hours of audio and video recording, over 13 CD's that needed to be processed[.] [S]ome discovery was even provided [just] weeks before trial." (December 28, 2011 letter).

Third, Defendant only decided to enter a guilty plea on the day of trial. Consequently, Counsel was required to fully prepare for the jury trial. Counsel had to fully review the discovery and prepare for the testimony of witnesses and law enforcement agents. As a result, Counsel was required to expend a larger number of hours than normally generated in the average case which results in a guilty plea.

Fourth, Defendant's mental competency was a significant issue in this case. Counsel wrote that "[i]t was necessary to have the Defendant psychologically evaluated." (December 28, 2011 letter). Counsel also had to "research the issues involved with [Defendant's] competency level." (December 28, 2011 letter). This significant legal issue required Counsel to expend more time conducting research than in the average case.

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of

the $9,700.00 statutory maximum.

### Voucher Amount - Administrator's Review

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 15.5 in-court hours totaling $1,937.50.

The CJA administrator also reviewed the 156.5 out-of-court hours sought by Counsel. Counsel sought compensation for 35 hours for "Interviews and conferences" and 112.50 hours for "Obtaining and reviewing records." Counsel also sought compensation for 9.0 hours for "Legal research and brief writing." Counsel sought $85.55 in "Other Expenses."

### In-Court Hours[1]

Counsel sought compensation for 15.5 in-court hours totaling $1,937.50. The CJA administrator made no changes to either the total number of in-court hours or the total amount of compensation sought for this time. I approve $1,937.50 as reasonable.

### Out-of-Court Hours

In the voucher, Counsel sought compensation for 156.5 out-of-court hours. The CJA administrator reviewed the voucher and made one change to the number of out-of-court hours claimed by Counsel. The CJA administrator slightly decreased the number of hours for "Obtaining and reviewing records" to 112 hours (from 112.5 hours). This resulted in a small reduction in the total amount of out-of-court hours to 156 hours. This also resulted in a small decrease for the total amount Counsel sought for out-of-court hours to $19,500.00

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

(from $19,562.50).

Although the majority of Counsel's time entries are appropriate, Counsel included some entries for clerical matters which are not eligible for reimbursement under the CJA. Counsel billed numerous entries (of 0.1 hour) for drafting and faxing basic letters to the Federal Detention Center regarding legal visits. The entries were on the following dates: 10/26/2010, 11/1/2010, 11/12/2010, 12/10/2010, 1/4/2011, 1/14/2011, 1/26/2011[2], 1/31/2011, 2/11/2011, 2/29/2011, 3/11/2011, 6/29/2011[3], 7/11/2011 and 11/4/2011.

I recommend that the above entries be eliminated because these entries reflect clerical duties that are not compensable. The Guidelines make clear that "[e]xcept in extraordinary circumstances, whether work is performed by counsel or other personnel, the following expenses associated with CJA representation are not reimbursable: personnel; rent; telephone service; and secretarial." Section §230.66.10(b) of the Guidelines. The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court reinforces the Guidelines: "[c]lerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable." Accordingly, I recommend that Counsel should not be compensated for the above listed entries. This results in a total reduction of $200.00.

---

[2] Counsel billed 0.3 hours for "prepare and fax forms for family visit to FDC." The CJA Administrator reduced this entry to 0.2 hours. I recommend that this entry be eliminated, however, because it was a clerical task that is not compensable under the CJA.

[3] Counsel billed 0.2 hours for "Application for Paralegal for FDC visit."

Similarly, Counsel included an entry for "Establish file, review Docket- Complaint, Petitions, Writs", seeking 1.0 hour as compensation. Establishing a file is a clerical task that is not compensable under the CJA. Accordingly, it is proper to deduct 0.2 from this entry which results in a reduction of $25.00 from the voucher.

Another problematic entry was a 0.2 hour entry for "Review and Post Dates from Order Granting Continuance" on 8/9/2011. Counsel billed 0.2 hour for this entry. Posting dates on calendars are administrative issues and are not compensable. Accordingly, this entry should be reduced to 0.1 hour for this task. This results in a reduction of $12.50.

There are other troublesome entries in the voucher. Specifically, I recommend that the time listed for the following entries be eliminated:

| Date | Description | Time |
|---|---|---|
| 10/25/2010 | Meeting with Family | 1.5 hours |
| 1/11/2011 | Telephone Conference with Family | 0.3 hours |
| 1/14/2011 | Meeting with Family | 2.0 hours |
| 1/21/2011 | Telephone Conference with Family | 0.2 hours |
| 3/11/2011 | Telephone Conferences (2) with Client's Sister | 0.4 hours |

I recommend that the above entries be eliminated because these entries represent time spent with Defendant's family that is not compensable. The Supplemental Instructions make clear that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." The time spent meeting and conversing with Defendant's family members

to keep them informed about developments in the case is "hand holding" that is not compensable under the CJA because it is not time which contributed to Defendant's defense.

Counsel also included other entries that are not sufficiently detailed to comport with the requirements prescribed in the Supplemental Instructions:

        12/9/2010     Telephone Conference with ASA     0.2 hours

        1/11/2011     Telephone Conference with AUSA     0.3 hours

The Supplemental Instructions make clear that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." Although Counsel identified the parties to the conversations, Counsel failed to explain the reason for the duration of these telephone conferences. Accordingly, I recommend that each of these entries be reduced to 0.1 hour.

Finally, Counsel included two entries for reviewing basic orders that should be reduced. On December 17, 2010, Counsel billed 0.2 hours for reviewing an "Order Referring Case to Judge for Guilty Plea and Order of Sentencing of Co-Defendant Lee." The orders were simple, consisting of one substantive page each. Similarly, on January 11, 2011, Counsel billed 0.2 hours for reviewing an "Order Referring Case to Judge for Guilty Plea and Order of Sentencing of Co-Defendant Dantzle." Again, these orders were simple and did not require Counsel to expend 0.2 hours reviewing the documents. I therefore recommend that Counsel be compensated only 0.1 hour for each of these two entries.

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $18,512.50 for his out-of-court hours.

**Expenses**

Counsel sought $85.55 in "Other Expenses." The CJA administrator made no correction to this amount. I hereby approve the $85.55 in "Other Expenses."

**CONCLUSION**

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts in this case. As I explained above, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00.

Based upon my review of the time sheets, the Motion, the docket and filings in this case, I RECOMMEND that Counsel be paid $20,535.55 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable James Lawrence King , United States District Judge.

Signed this 9 day of March, 2012.

_____
**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

    William R. Barzee, Esq.
    Lucy Lara, CJA administrator